Francisco León
**LAW OFFICE OF FRANCISCO LEÓN**
8987 E. Tanque Verde Rd.
Suite 309, PMB 432
Tucson, Arizona 85749-9610
Az. Bar: 006578
TEL 520-465-3000
FAX 520-340-6437
azcrimlaw@gmail.com
Attorney for Cruz Espinoza

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| **United States of America,** ) | |
| ) | 4:10-cr-02112-CKJ-MAA |
| Plaintiff, ) | |
| ) | **DEFENDANT'S MOTION FOR** |
| vs. ) | **RELEASE PENDING FINAL** |
| ) | **DISPOSITION HEARING;** |
| **David Cruz Espinoza,** ) | **MEMORANDUM** |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

It is expected that excludable delay under 18 U.S.C. §3161 et seq. may occur because of this motion or from an order based thereon. Espinoza moves the Court to order his release on his own recognizance pending the final disposition hearing after his admission to a Grade C violation on October 2, 2024.

**I.     FACTS.**

David Cruz Espinoza was convicted of possession with the intent to distribute cocaine base, a class B felony, following his plea of guilty to count 5 of a 20-count indictment pursuant to a written plea agreement. Doc. 209. He was sentenced August 21, 2012, to a term of 130 months in prison, a supervised release

1   term of 48 months, a special assessment of $100.00 and no fine. All other counts

2   were dismissed. Doc. 331.

3   　　　　Espinoza was released from the Bureau of Prisons on April 5, 2021,

4   and began his 48-month term of supervised release which expires April 4, 2025.

5   　　　　On May 14, 2021, June 4 and June 8, 2022, Espinoza committed

6   several violations of Arizona state criminal laws, and he was charged in three

    separate Arizona state prosecutions for those violations.

7   　　　　On June 27, 2022, an Amended Petition to Revoke Supervised

8   Release was filed under seal in this case which alleged violations based on

9   Espinoza's criminal conduct on May 14, 2021, June 4, 2022, and June 8, 2022.

10  Espinoza was and remained in Arizona state custody without bond for the conduct

11  in the three separate criminal cases in Pima County Superior Court.

12  　　　　Through his state defense counsel, Espinoza negotiated a plea

13  agreement to resolve all the Arizona state charges. Espinoza entered pleas of guilty

14  to a single count in each of the three criminal cases against him in Arizona courts.

15  　　　　On November 29, 2022, Espinoza was sentenced in Pima County

16  Superior Court to concurrent terms of 30 and 18 months for the Arizona

17  convictions for attempt to commit a narcotics violation and the attempt to commit

18  aggravated assault. Espinoza was also sentenced November 29, 2022, to a term of

19  nine months for influencing a witness offense. In total, Espinoza was sentenced to

20  a total term of 30 months for all the charges in Arizona courts.  Exhibit A, attached

21  hereto.

22  　　　　The Arizona state sentencing court was informed of Espinoza's

23  serious health issues and of the pending federal petition to revoke supervised

24  release. The state sentencing court acknowledged that "the [State] Plea Agreement

25  entered into mandated that these sentences run concurrently with any federal

26  sentence the Defendant may get." Exhibit A, p. 3.

27  　　　　On July 6, 2023, Espinoza, through counsel, requested that he be

28  transported from Arizona State Prison to federal court to have his initial

appearance and other proceedings in federal court on the Amended Petition to Revoke Supervised Release before this court. Espinoza' Cruz' hope and expectation was that he would admit his violations, that the Court would revoke his supervised release and impose a sentence for his supervised release violation to run concurrently with the state sentence he is serving.

On July 12, 2023, however, this Court, in a written order, denied Cruz' request citing **United States v. Garrett**, 253 F.3d 443, 446-51 (9th Cir. 2001) which holds that the government is not statutorily required to writ a defendant out of state custody and bring before the federal district court for his revocation hearing." Espinoza's efforts to be transferred to federal court were rejected by the court.

Espinoza was released from Arizona state custody on or about August 20, 2024. Federal authorities took custody of Espinoza from state custody, and he was brought to federal court for an initial appearance on the June 27, 2022 Amended Petition to Revoke Supervised Release. He is scheduled for an admit/deny hearing on October 2, 2024.

Espinoza and the government have agreed that Espinoza may admit a Grade C violation in the Amended Petition in exchange for dismissal of the ten remaining allegations.

As Espinoza has been sentenced to and served a total of 30 months for state charges of the same allegations in the Amended Petition, Espinoza will ask the Court to impose a sentence of time served at the disposition hearing on the admission to the supervised release violation petition. On October 2, 2024, Espinoza will have served 43 days in federal custody pending resolution of the Amended Petition to Revoke Supervised Release.

Espinoza has continued to have severe mental and physical health issues. An assessment performed by the Arizona state Department of Corrections, Rehabilitation and Reentry before Espinoza was released from Arizona custody concluded that Espinoza qualifies for SMI ('Serious Mental Illness")

determination based on his mental health score, anxiety disorders, and bipolar disorders. In addition, the assessment concluded that Espinoza has a severe functional impairment due to his inability to function independently. Espinoza continues to suffer from a large open wound which resulted from a shooting incident. He has a colostomy and requires assistance to manage the colostomy bag.

Espinoza's present mental and physical condition inhibits his physical movement and his ability to engage in everyday activities of life.  There is no need for him to continue in federal custody pending the disposition hearing in this case given that he has fully served his Arizona state sentences for the same conduct which is alleged in the Amended Petition to Revoke Supervised.

Accordingly, Espinoza moves the Court to order his release pending the final disposition hearing following his admission to a Grade C violation on October 2, 2024.

**RESPECTFULLY SUBMITTED** on this 18th day of September 2024.

LAW OFFICE OF FRANCISCO LEÓN

Francisco León

**CERTIFICATE OF SERVICE**

_X___   I hereby certify that on September 18, 2024, I electronically transmitted the attached document to the Clerk's Office using the ECF system for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Hon. Cindy K. Jorgenson
United States District Judge

Hon. Michael A. Ambri
United States Magistrate Judge

Sarah Bullard Houston
Assistant United States Attorney

_X___   I hereby certify that on September 18, 2024, I served the attached document by U.S. Mail on the following, who is not a registered participant in the ECF system:

David Cruz Espinoza

Exhibit A

**FILED**
11/30/22
GARY L. HARRISON, Clerk
B. Milburg
Deputy

ARIZONA SUPERIOR COURT, PIMA COUNTY

HON. BRENDEN J GRIFFIN

CASE NO.   CR20211904-001
CR20222162-001
CR20222199-001

COURT REPORTER:   Anne Bouley Meyer
Courtroom - 680

DATE:        November 29, 2022

STATE OF ARIZONA

Anshul Krishn, Esq. counsel for State

VS.

DAVID C ESPINOZA
   Defendant

Stephan D Robertson, Esq. counsel for Defendant

**DATE OF BIRTH:** 3/28/1972

---

## MINUTE   ENTRY

**SENTENCE OF IMPRISONMENT**

Defendant present, in custody.

The Defendant is advised of the charges and the determination of guilt, and all parties are given the opportunity to make recommendations/statements to the Court.

Pursuant to A.R.S. § 13-607, the Court finds as follows:

WAIVER OF TRIAL--The Defendant knowingly, intelligently, and voluntarily waived his right to a trial with or without a jury, his right to confront and cross-examine witnesses, his right to testify or remain silent, his right to present evidence and call his own witnesses, and his right to review after having been advised of these rights. The determination of guilt was based upon a plea of guilty.

Upon due consideration of the offenses, and the facts, law and circumstances involved in this case, and having found no legal cause to delay rendition of judgment and pronouncement of sentence, the Court enters the following judgment and sentence:

**As to CR20211904-001:**

IT IS THE JUDGMENT OF THE COURT that the Defendant is guilty of COUNT ONE: INFLUENCING A WITNESS, DOMESTIC VIOLENCE, a Class Five Felony, nondangerous, nonrepetitive offense, committed on May 14, 2021.

THE COURT FINDS that suspension of sentence and a term of probation are not appropriate and that a sentence of imprisonment with the Department of Corrections is appropriate.

_____
B. Milburg
Deputy Clerk

MINUTE ENTRY

Page 2                         Date: November 29, 2022                    Case No.:   CR20211904-001
                                                                                       CR20222162-001
                                                                                       CR20222199-001

AS PUNISHMENT, IT IS ORDERED that the Defendant be incarcerated in the Arizona Department of Corrections for a minimum term of ZERO POINT SEVENTY-FIVE (0.75) YEARS, commencing on November 29, 2022.  The Defendant shall be given credit for ONE HUNDRED SEVENTY-SEVEN (177) DAYS time served.

IT IS FURTHER ORDERED that the Defendant shall serve a term of community supervision in accordance with A.R.S. § 13-603(I).

THE COURT FINDS the following mitigating circumstances: Input of the victim and the Defendant's health and mental health issues.

**As to CR20222162-001:**

IT IS THE JUDGMENT OF THE COURT that the Defendant is guilty of AMENDED COUNT ONE: ATTEMPTED POSSESSION OF A NARCOTIC DRUG FOR SALE, a Class Three Felony, nondangerous, nonrepetitive offense, committed on June 8, 2022.

THE COURT FINDS that suspension of sentence and a term of probation are not appropriate and that a sentence of imprisonment with the Department of Corrections is appropriate.

AS PUNISHMENT, IT IS ORDERED that the Defendant be incarcerated in the Arizona Department of Corrections for a minimum term of TWO POINT FIVE (2.5) YEARS, commencing on November 29, 2022.  The Defendant shall be given credit for ONE HUNDRED SEVENTY-FOUR (174) DAYS time served.

IT IS FURTHER ORDERED that the Defendant shall serve a term of community supervision in accordance with A.R.S. § 13-603(I).

THE COURT FINDS the following mitigating circumstances: Input of the victim and the Defendant's health and mental health issues.

IT IS ORDERED that this sentence shall be concurrent with the sentence imposed in CR20211904-001.

**As to CR20222199-001:**

IT IS THE JUDGMENT OF THE COURT that the Defendant is guilty of AMENDED COUNT ONE: ATTEMPTED AGGRAVATED ASSAULT, DEADLY WEAPON/DANGEROUS INSTRUMENT, DOMESTIC VIOLENCE, a Class Four Felony, nondangerous, nonrepetitive offense, committed on June 4, 2022.

THE COURT FINDS that suspension of sentence and a term of probation are not appropriate and that a sentence of imprisonment with the Department of Corrections is appropriate.

_____B. Milburg_____
Deputy Clerk

MINUTE ENTRY

Page 3                         Date: November 29, 2022                    Case No.:    CR20211904-001
                                                                                        CR20222162-001
                                                                                        CR20222199-001

AS PUNISHMENT, IT IS ORDERED that the Defendant be incarcerated in the Arizona Department of Corrections for a minimum term of ONE POINT FIVE (1.5) YEARS, commencing on November 29, 2022. The Defendant shall be given credit for ONE HUNDRED SEVENTY-FOUR (174) DAYS time served.

IT IS FURTHER ORDERED that the Defendant shall serve a term of community supervision in accordance with A.R.S. § 13-603(I).

THE COURT FINDS the following mitigating circumstances: Input of the victim and the Defendant's health and mental health issues.

IT IS ORDERED that this sentence shall be concurrent with the sentences imposed in CR20211904-001 and CR20222162-001.

IT IS ORDERED remanding the Defendant to the custody of the Sheriff of Pima County, authorizing the Sheriff of Pima County to deliver the Defendant to the custody of the Arizona Department of Corrections, and authorizing the Department of Corrections to carry out the term of imprisonment set forth herein.

IT IS ORDERED that the Clerk of the Court shall remit to the Department of Corrections a copy of this order, plus all presentence reports, probation violation reports, medical and psychological reports relating to the Defendant and involving this cause.

The Court states that the Plea Agreement the Defendant entered into mandated that these sentences run concurrently with any federal prison sentence the Defendant may get.

IT IS ORDERED that the Defendant shall pay the following:

1. Time Payment Fee in the amount of $20.00, as to each case number.

2. Attorney's fees in the amount of $400.00 as to CR20211904-001.

3. Attorney's fees in the amount of $400.00 are waived as to CR20222162-001 and CR20222199-001.

4. Indigent Administrative Assessment Fee in the amount of $25.00, as to each case number.

5. Probation Assessment in the amount of $20.00, as to each case number.

6. Surcharge Assessment in the amount of $13.00, as to each case number.

7. Clean Election Surcharge in the amount of $100.00 as to CR20222162-001

8. A fine in the amount of $1,000.00, with a surcharge at 68% in the amount of $680.00 as to CR20222162-001.

_____B. Milburg_____
Deputy Clerk

MINUTE ENTRY

Page 4                          Date: November 29, 2022                     Case No.:   CR20211904-001
                                                                                        CR20222162-001
                                                                                        CR20222199-001

_____

9. Victim Rights Enforcement Fund Fee in the amount of $2.00, as to each case number.

10. Victim Rights Assessment in the amount of $9.00, as to each case number.

11. Address Confidentiality Fund in the amount of $50.00, as to each case number.

12. Domestic Violence Services Fund in the amount of $50.00, as to each case number.

The Court retains jurisdiction of the case for purposes of ordering, modifying and enforcing the manner in which court-ordered payments are made until paid in full or until the Defendant's sentence expires, such payment to include but not limited to:

A restitution order in favor of any person entitled to such; along with fines, costs, incarceration costs, fees, surcharges or assessments imposed.

IT IS ORDERED that any outstanding bond that has not been previously referred for a bond forfeiture proceeding is hereby exonerated.

IT IS ORDERED, pursuant to the plea, that all remaining counts and allegations shall be dismissed as to these cause numbers only.

The Defendant is advised of his Notice of Rights of Review and Notice of Right to Apply to Have Conviction Set Aside, signs, and receives a copy of same.

The Defendant is further advised that upon completion of probation or absolute discharge from imprisonment for this offense, if he has not been previously convicted of a felony offense and he has paid all ordered restitution, his civil rights shall automatically be restored.  The defendant has been advised that does not apply to the restoration of firearm rights if you have been convicted of a dangerous offense under A.R.S. § 13-704 or a serious offense under A.R.S. § 13-706.

The Defendant is further advised that upon final discharge, if he has been previously convicted of a felony offense in this or another state, or has not paid all ordered restitution, he may still apply to have his civil rights restored.  The Defendant has been advised that this section does not apply to the restoration of firearm rights if he were convicted of a dangerous offense under A.R.S. § 13-704 or a serious offense under A.R.S. § 13-706.

The Defendant signs and receives a written notice of his rights and the procedures he must follow to exercise them.

_____
B. Milburg
Deputy Clerk

MINUTE ENTRY

Page 5                  Date: November 29, 2022              Case No.:   CR20211904-001
                                                                         CR20222162-001
                                                                         CR20222199-001

_____

Let the record reflect that the Defendant's fingerprint is permanently affixed to the signature page of this

sentencing order in open court.

FILED IN COURT: Commitment Order; Presentence Report; Notice of Rights of Review; Notice of

Right to Apply to Have Conviction Set Aside; Notice of Rights After Conviction and Procedure



B. Griffin /s/

HON. BRENDEN J. GRIFFIN

(ID: 65f63d54-fd9a-4df4-856b-76a90e3f710c)

cc:    Hon. Brenden J Griffin
       Anshul Krishn, Esq.
       Stephan D Robertson, Esq.
       Adult Probation
       Clerk of Court - Accounting Unit
       Clerk of Court - Appeals Unit
       Clerk of Court - Criminal Unit
       County Attorney - Victim Notification
       DOC   (1 certified)
       Pretrial Services w\ PSR 12\01\22
       Sheriff of Pima County (3 certified) w\ PSR 12\01\22

_____
B. Milburg
Deputy Clerk